IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SHANNON C.M. GILL, *as the Personal Representative of the Estate of Shirley Rose Barnhill*, <br><br> Plaintiff, <br><br> v. <br><br> The United States of America, <br><br> Defendant. | CASE NO.: _____ <br><br><br> **COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

**COMES NOW** Plaintiff Shannon C.M. Gill as Personal Representative for the Estate of Shirley Rose Barnhill, by and through counsel, and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of Horry County, South Carolina and is the duly appointed Personal Representative of the Estate of her deceased mother, Shirley Rose Barnhill ("Ms. Barnhill"). Exhibit 1: Certificate of Appointment.

2. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2674 et. seq.

3. Upon information and belief, Jeanne L. Halyard, MD, ("Dr. Halyard") is a physician employed by Health Care Partners of South Carolina, Inc. ("Health Care Partners") in Horry County, South Carolina.

4. Upon information and belief, Health Care Partners is a federally qualified health center under 42 U.S.C. § 233(g)(4), and Dr. Halyard is deemed to be an employee of the United States Public Health Service under 42 U.S.C. § 233(g)(1)(A).

5. The United States is the proper defendant pursuant to 28 U.S.C. § 2679(b)(1).

6. On November 16, 2021, Plaintiff presented this claim for damages to the United States Department of Health and Human Services ("HHS").

7. On January 27, 2022, HHS sent Plaintiff a letter acknowledging receipt of its claim, which HHS received on December 1, 2021.

8. As of the date of this Complaint, HHS has not made a final disposition of Plaintiff's claim. Therefore, Plaintiff has exhausted her administrative remedies pursuant to 28 U.S.C. § 2675.

9. This Court has jurisdiction over the subject-matter of this action pursuant to 28 U.S.C. §§ 1331, 1346(b), and 1367(a).

10. Venue is proper in the District of South Carolina pursuant to 28 U.S.C §§ 1391(b)(1) and (2).

## MATERIAL FACTS

11. Plaintiff incorporates by reference all allegations of the previous Paragraphs as if fully set forth here.

12. In the spring of 2019, Ms. Barnhill was a 66-year-old woman who sought medical treatment for complaints of a sore tongue.

13. On May 4, 2019, Ms. Barnhill presented to Dr. Halyard with a lesion on her tongue and complaints of tongue pain. Dr. Halyard diagnosed Ms. Barnhill with an aphthous ulcer, prescribed Magic Mouth Wash with lidocaine to treat the ulcer, and advised Ms. Barnhill to follow up in six weeks.

14. On June 28, 2019, Ms. Barnhill presented to Dr. Halyard as instructed for a follow-up appointment. Ms. Barnhill's tongue lesion had not resolved and she continued to complain of

soreness. Dr. Halyard again diagnosed Ms. Barnhill with an aphthous ulcer, prescribed Nystatin Suspension and Amoxicillin, and advised Ms. Barnhill to follow up in two months.

15. On October 2, 2019, Ms. Barnhill followed up with Dr. Halyard once again complaining of a "sore tongue." Dr. Halyard refilled the Nystatin and prescribed that Ms. Barnhill take one tablet of Amoxicillin every eight hours for ten days and thereafter take one tablet daily for 90 days. Ms. Barnhill was instructed to follow up in three months.

16. On January 3, 2020, Ms. Barnhill presented to Dr. Halyard for a follow up appointment. Dr. Halyard noted that the "sores on [Ms. Barnhill's] tongue have resolved" but continued Ms. Barnhill on Nystatin and Amoxicillin and instructed Ms. Barnhill to follow up in three months.

17. On March 4, 2020, Ms. Barnhill saw Dr. Halyard for another follow-up appointment. Dr. Halyard noted that the "sores on [Ms. Barnhill's] toungue [sic] worsened since last visit" and that Ms. Barnhill had lost eight pounds due to her inability to eat as a result of her tongue lesion. Dr. Halyard finally referred Ms. Barnhill to an ENT for consultation.

18. On March 25, 2020, Ms. Barnhill was seen by an ENT, Dr. Darin Vincent Sutton. Dr. Sutton ordered a CT of the neck, which was performed at Conway Medical Center on March 30, 2020.

19. The March 30, 2020 scan was reported to show a "large right tongue malignancy." The CT scan additionally showed "extensive bilateral cervical metastatic lymphadenopathy" and "upper mediastinal lymphadenopathy."

20. On April 9, 2020, Dr. Sutton performed a biopsy of Ms. Barnhill's tongue lesion and esophagoscopy. Pathology showed invasive squamous cell carcinoma of the tongue. At the time of diagnosis, Ms. Barnhill had Stage IV cancer.

21. On April 20, 2020, a percutaneous endoscopic gastrostomy ("PEG") tube was placed to provide Ms. Barnhill with nutrition and sustenance because she was unable to eat due to the pain from the cancer on her tongue.

22. On May 1, 2020, Ms. Barnhill was seen by an oncologist for consultation. Due to the progression of the cancer and the state of her condition, Ms. Barnhill was determined not to be a suitable candidate for any available treatment or intervention and was referred to hospice.

23. Ms. Barnhill was placed in hospice, where she remained in until her death on June 12, 2020.

## FOR A FIRST CAUSE OF ACTION
### (Negligence)

24. Plaintiff incorporates by reference all allegations of the previous Paragraphs as if fully set forth here.

25. Dr. Halyard and Health Care Partners undertook the duty to render care to Ms. Barnhill in accordance with the prevailing and acceptable professional standards of care as recognized in the national medical community.

26. Dr. Halyard and Health Care Partners failed to render appropriate medical care to Ms. Barnhill by deviating from and falling below the prevailing and acceptable standards of care.

27. Ms. Barnhill's injuries and ultimate death were the direct and proximate result of Dr. Halyard and Health Care Partners' failures to possess and to exercise the degree of medical competency and skill ordinarily and customarily possessed and exercised by medical professionals under similar circumstances.

28. Dr. Halyard and Health Care Partners, as well its employees and agents, were negligent, careless, grossly negligent, reckless, and willful in violation of duties owed to Ms. Barnhill as described above and noted below in the following particulars:

a. Failing to refer Ms. Barnhill to an ENT when she presented with a non-resolving tongue lesion during appointments on 1) June 28, 2019, 2) October 2, 2019, and 3) January 3, 2020, despite noting that the lesion had not resolved;

b. Failing to properly evaluate Ms. Barnhill for a potential cancer of the tongue diagnosis;

c. Failing, at any point from May 4, 2019 through March 4, 2020, to consider that the lesion on Ms. Barnhill's tongue was anything other than an aphthous ulcer; and

d. In such other particulars as may be shown at the trial of this matter.

29. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, willfulness, and departures from the standards of care by Dr. Halyard and Health Care Partners, there was an extensive delay in the evaluation and treatment of Ms. Barnhill's cancer, which led to Ms. Barnhill's untimely and avoidable death.

30. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, willfulness, and departures from the standards of care by Dr. Halyard and Health Care Partners, Ms. Barnhill suffered profound, permanent, and incurable injury prior to her death.

31. Plaintiff is entitled to recover actual, exemplary, and special damages in an amount to be proven at trial.

32. In support of this Complaint and in accordance with Section 15-36-100 of the South Carolina Code, an affidavit of David M. Miller, MD is attached as <u>Exhibit 2</u> and incorporated by reference.

**FOR A SECOND CAUSE OF ACTION**
**(Wrongful Death – S.C. Code Ann. § 15-51-10)**

33. Plaintiff incorporates by reference all allegations of the previous Paragraphs as if full.

5

34. As a direct and proximate result of the acts and omissions of Dr. Halyard and Health Care Partners, Ms. Barnhill died and her statutory beneficiaries have been deprived of her comfort, aid, companionship, and love.

35. As a direct and proximate result of the acts and omissions of Dr. Halyard and Health Care Partners, Plaintiff has suffered, and is entitled to recover in the form of damages, pecuniary loss, mental shock and suffering, grief and sorrow, loss of companionship and the deprivation of the use and comfort of Sandra Ballard's society, in an amount of damages to be determined at the trial of this case.

### FOR A THIRD CAUSE OF ACTION
### (Survival – S.C. Code Ann § 15-5-90)

15. Plaintiff incorporates by reference all allegations of the previous Paragraphs as if fully set forth here.

16. Plaintiff, as the personal representative of Ms. Barnhill's estate, has standing to bring this action for survival pursuant to Section 15-5-90 of the South Carolina Code.

17. Prior to her death and as a direct and proximate result of the acts and omissions of Dr. Halyard and Health Care Partners as pleaded above, Ms. Barnhill suffered substantial bodily injury, conscious pain and suffering, mental anguish, medical expenses, and such other actual and special damages as may be shown at the trial of this action.

18. Plaintiff is entitled to damages in an amount to be determined at the trial of this case.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays the Court to:

   i. Award Plaintiff the actual and compensatory damages set forth above, including without limitation special damages;
   ii. Tax the costs of this action against Defendant,

    iii.    Provide such other relief in this action as may be just and proper; and

    iv.    Provide for a jury to determine all issues of fact.

    Respectfully Submitted,

    s/ Julie L. Moore
    Julie L. Moore (Federal Bar No. 11138)
    Wilson Daniel (Federal Bar No. 13579)
    DUFFY & YOUNG, LLC
    96 Broad Street
    Charleston, South Carolina 29401
    Telephone: (843) 720-2044
    Facsimile: (843) 720-2047
    jmoore@duffyandyoung.com
    wdaniel@duffyandyoung.com
    *Attorneys for Plaintiff*

May 18, 2022
Charleston, South Carolina